*Link to doc. # 19*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9871-GHK (AGRx) | | Date | April 6, 2012 |
|---|---|---|---|---|
| Title | *Edmond Adaimy v. Bank of New York Mellon f/k/a Bank of New York as Trustee of the CHL Mortgage Pass-Through Trust 2008-1, et al.* | | | |

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **(In Chambers) Order re:** Motion to Dismiss Plaintiff's First Amended Complaint

        This matter is before us on Defendants Bank of New York Mellon f/k/a Bank of New York as Trustee of the CHL Mortgage Pass-Through Trust 2008-1 ("BONY") and Bank of America, N.A., as Successor by Merger to BAC Home Loan Servicing LP f/k/a Countrywide Home Loans Servicing, LP's ("Bank of America"[1] and, collectively with BONY, "Defendants") Motion to Dismiss Plaintiff's First Amended Complaint ("Motion"). We have considered the arguments in support of and in opposition to the Motion and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows.

**I.     Legal Standard**

        In order to survive dismissal for failure to state a claim, a complaint must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must contain factual allegations sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). In considering a motion to dismiss, we must accept the allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). We need not accept as true, however, legal conclusions "cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that

------

        [1] Plaintiff has sued Bank of America in three capacities: (1) as successor in interest to Countrywide Bank, FSB – Plaintiff's original lender; (2) as successor in interest to BAC Home Loan Servicing, LP – the servicer of Plaintiff's loan; and (3) as an assignee of the beneficial interest under Plaintiff's Deed of Trust. Herein, we refer to Bank of America as "BANA" insofar as it is sued in the first and third capacities. We refer to Bank of America as "BAC Servicing" insofar as it is sued in the second capacity.

*Link to doc. # 19*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9871-GHK (AGRx) | Date | April 6, 2012 |
|---|---|---|---|
| Title | *Edmond Adaimy v. Bank of New York Mellon f/k/a Bank of New York as Trustee of the CHL Mortgage Pass-Through Trust 2008-1, et al.* | | |

content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

## II.    Background[2]

On January 11, 2008, Plaintiff Edmond Adaimy ("Plaintiff") executed a Note and Deed of Trust ("DOT") in the amount of $1,380,000, secured by an interest in real property located at 10787 Richland Avenue, Los Angeles, California 90064 ("Property"). (First Amended Complaint ("FAC") ¶¶ 1, 7, Exh. A). The DOT names Countrywide Bank, FSB as the lender, ReconTrust Company, N.A. ("ReconTrust") as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. (*Id.*, Exh. A). During the period relevant to the FAC, BAC Servicing acted as the servicer of Plaintiff's loan. (FAC ¶ 29).

On October 4, 2010, ReconTrust recorded a Notice of Default ("NOD"), which stated that Plaintiff was in default on his loan. The NOD purports to have been signed on September 30, 2010. (Request for Judicial Notice ("RJN"), Exh. A). On October 14, 2010, ReconTrust recorded a Corporation Assignment of Deed of Trust ("Assignment"). The Assignment states that on September 30, 2010, MERS granted all beneficial interest under the DOT to BANA's predecessor in interest, BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP. (FAC, Exh. G). On January 11, 2011, ReconTrust recorded a Notice of Trustee's Sale, listing a sale date of February 2, 2011. (RJN,

---

[2] Although review under Rule 12(b)(6) is generally limited to the contents of the complaint, we may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Here, Plaintiff attached ten exhibits to his FAC, which we have considered in ruling on Defendants' Motion. Additionally, Defendants request that we take judicial notice ("RJN") of three documents: (1) a Notice of Default dated September 30, 2010, and recorded on October 4, 2010, in the Los Angeles County Recorder's Office; (2) a Notice of Trustee's Sale dated January 7, 2011, and recorded on January 11, 2011, in the Los Angeles County Recorder's Office; and (3) an Affidavit of Mailing of a Notice of Default dated September 30, 2010, and recorded on October 4, 2010, in the Los Angeles County Recorder's Office. Pursuant to Federal Rule of Evidence 201, we may take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The Ninth Circuit has held that a district court "may presume that public records are authentic and trustworthy." *Gilbrook v. City of Westminster*, 177 F.3d 839, 858 (9th Cir. 1999). Because each of the documents attached to Defendants' RJN is in the public record, we take judicial notice of the filing dates of the documents, which cannot be subject to reasonable dispute. However, we do not take judicial notice of the facts contained in the documents. *Team Enters., LLP v. W. Inc. Real Estate Trust*, No. CV F 08-0872 LJO SMS, 2009 WL 1451635, *4 (E.D. Cal. May 20, 2009) (judicial notice of matters in the public record is limited to the existence and filing of a document).

*Link to doc. # 19*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9871-GHK (AGRx) | Date | April 6, 2012 |
|---|---|---|---|
| Title | *Edmond Adaimy v. Bank of New York Mellon f/k/a Bank of New York as Trustee of the CHL Mortgage Pass-Through Trust 2008-1, et al.* | | |

Exh. B). "On or about February 2, 2011, Bank of America bought the Property back at the Trustee's foreclosure sale." (FAC ¶ 23).

Plaintiff does not dispute that any of the aforementioned documents were recorded. However, "Plaintiff does dispute that Defendants have a security interest in the debt obligation such that they can attempt to enforce this debt obligation by collecting payment or enforcing the Deed of Trust." (Opp'n 12).

On February 17, 2012, Plaintiff filed the FAC against BANA, BONY, and BAC Servicing. Plaintiff asserts the following claims: (1) Declaratory Relief Under 28 U.S.C. §§ 2201, 2202; (2) Negligence; (3) Quasi Contract; (4) Violation of the Fair Debt Collection Practices Act ("FDCPA"); (5) Violation of the Truth in Lending Act ("TILA"); (6) Violation of the Real Estate Settlement Procedures Act ("RESPA"); (7) Violation of California Business and Professions Code § 17200, et seq.; (8) Accounting; (9) Wrongful Foreclosure and To Set Aside Trustee's Sale; (10) To Void or Cancel Trustee's Deed Upon Sale; (11) Breach of Contract; and (12) Breach of the Implied Covenant of Good Faith and Fair Dealing. Plaintiff asserts claims 1, 3, 7, 8, 11, and 12 against all Defendants. Plaintiff asserts claims 9 & 10 solely against BANA and BONY. Plaintiff asserts claims 2 and 6 solely against BAC Servicing. Plaintiff asserts claim 4 solely against BONY and claim 5 solely against BANA.

**III.     Discussion**

   *A.     The factual allegations underlying Plaintiff's claims are insufficient to raise a claim to relief above the speculative level*

Plaintiff's allegations are not entirely clear and at times contradictory. The gravamen of the FAC appears to be that (1) "BONY and [BANA] . . . have [asserted] competing claims to the beneficial interest in Plaintiff's Note and Deed of Trust," and (2) neither entity actually owns the beneficial interest in his Note or DOT. (Opp'n 2). Plaintiff has not alleged any facts that plausibly support these assertions. As discussed below, none of the documents recorded in the Los Angeles County Recorder's Office reflect that BONY has an interest in Plaintiff's loan and thus it is entirely unclear why Plaintiff believes BONY has asserted a "competing" claim to his loan. Additionally, Plaintiff has not alleged any facts that plausibly support his assertion that BANA – the foreclosing entity – does not have an interest in his loan. Accordingly, Plaintiff's claims must be dismissed to the extent that they rely on these assertions.

   **1.     "Competing Claims"**

It is unclear why Plaintiff believes BONY and BANA have competing claims to his loan. Indeed, the documents in the Los Angeles County Recorder's Office, discussed above, evidence a proper chain of title whereby BANA appears to be the current beneficiary under Plaintiff's DOT. By contrast, none of the documents in the chain of title indicate that BONY currently has – or has ever held

*Link to doc. # 19*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9871-GHK (AGRx) | Date | April 6, 2012 |
|---|---|---|---|
| Title | *Edmond Adaimy v. Bank of New York Mellon f/k/a Bank of New York as Trustee of the CHL Mortgage Pass-Through Trust 2008-1, et al.* | | |

– any interest under the DOT. And, as Defendants correctly point out, "[n]one of the operative documents of the foreclosure were executed by or on behalf of BONY." (Mot. 8). Nonetheless, the Plaintiff alleges that "BONY attempted, but failed to become a party to Plaintiff's Note and Deed of Trust," (FAC ¶ 83), on an unspecified date when "unknown entities" attempted to securitize Plaintiff's loan into the "CHL Mortgage Pass-Through Trust 2008-I ('CHL Trust')," of which BONY is the trustee. (FAC ¶¶ 24-27). However, Plaintiff offers no facts to show that the alleged securitization of his loan on an unspecified date is anything more than pure speculation.

Additionally, Plaintiff does not allege any facts to show that BONY has attempted to initiate non-judicial foreclosure proceedings against him. Plaintiff also does not allege that BONY has come forward to contest the February 2, 2012 Trustee's Sale at which BANA "bought the Property back," (FAC ¶ 23), making his allegation that BONY has a "rival claim" to his loan yet more implausible.

Further, Plaintiff alleges that, at all times, he made loan payments to a single entity – BAC Servicing, the servicer of his loan. (FAC ¶ 29). Plaintiff does not allege that two entities with "rival claims" ever simultaneously demanded monthly payments from him. Instead, Plaintiff appears to allege that he is confused as to whether BAC Servicing was acting on behalf of BANA or BONY when it collected loan payments from him. (*See* FAC ¶ 85 ("BONY and/or Bank of America, and BAC Servicing as their agent, demanded monthly mortgage payments from Plaintiff."); FAC ¶ 160 ("BAC Servicing, as purported agent of either Bank of America and/or BONY, has held themselves [sic] out to be Plaintiff's mortgage servicer.")). However, given the fact that (1) Plaintiff has alleged no facts supporting his theory that his loan was, on an unspecified date, securitized into the CHL Trust, of which BONY was purportedly the trustee, and (2) the documents in the Los Angeles County Recorder's Office purport to show that BANA is the current owner of Plaintiff's loan, it is unclear why Plaintiff is confused that the owner of his loan is anyone other than BANA. Accordingly, Plaintiff's allegation that BONY has asserted a competing claim to the beneficial interest in his loan is entirely speculative, not based on specific factual allegations, and cannot serve as a basis for a claim to relief.

### 2.    BANA's Interest in Plaintiff's Loan

Plaintiff alleges that BANA does not have an interest in his loan because the Assignment to BANA was invalid. (FAC ¶ 51). As noted above, on October 14, 2010, ReconTrust recorded an Assignment in the Los Angeles County Recorder's Office, which states that on September 30, 2010, MERS granted all beneficial interest under the DOT to BANA's predecessor in interest, BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP. (FAC, Exh. G). The Assignment was signed on behalf of MERS by "T. Sevillano" as "Assistant Secretary." (*Id.*). Plaintiff alleges that this Assignment was invalid because "T. Sevillano" did not have "the corporate and legal authority to sign . . . on behalf of MERS [because] 'T. Sevillano' is not an employee of MERS, but rather an employee of [ReconTrust]." (FAC ¶ 51). In support of this allegation, Plaintiff attached to the FAC a copy of "T. Sevillano's" "LinkedIn profile," "which reveals her full name as 'Tina Sevillano' and demonstrates she works in 'Trustee Sales' at 'Recon Trust Co.' and not as 'Vice President' [sic] for

*Link to doc. # 19*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9871-GHK (AGRx) | Date | April 6, 2012 |
|---|---|---|---|
| Title | *Edmond Adaimy v. Bank of New York Mellon f/k/a Bank of New York as Trustee of the CHL Mortgage Pass-Through Trust 2008-1, et al.* | | |

MERS." (*Id.*).

However, Plaintiff has not identified any legal authority prohibiting an individual from working for or acting as an agent for multiple companies. *See Chua v. IB Property Holdings, LLC*, No. CV 11-05894 DDP (SPx), 2011 WL 3322884, at *2 (C.D. Cal. Aug. 1, 2011) ("[T]o the extent that Plaintiffs take issue with Lisa Markham's dual position, Plaintiffs have not identified a relevant legal authority prohibiting one individual from working for both CitiMortgage and MERS or from acting as an agent for both."). The mere fact that Tina Sevillano (assuming Tina Sevillano is the same T. Sevillano who signed the Assignment) was an employee of ReconTrust does not give rise to a reasonable inference that she did not have the authority to sign documents on behalf of MERS. Further, the fact that Plaintiff does not allege that MERS has come forward contesting the Assignment makes his assertion that Tina Sevillano lacked proper authority yet more implausible. Accordingly, Plaintiff's assertion that Tina Sevillano lacked authority to execute the Assignment is entirely speculative, and thus Plaintiff's claims cannot rest on his bare assertion that the Assignment to BANA was invalid.[3]

**B.      Claim 1: Declaratory Relief**

Plaintiff asserts his claim for declaratory relief against BANA, BONY, and BAC Servicing. Through this claim, "Plaintiff requests that the Court make a finding and issue appropriate orders stating that BONY or [BANA] (or BAC Servicing as the agent of either) . . . have any right or interest in Plaintiff's Note, Deed of Trust, or the Property which authorizes them, in fact or as a matter of law, to have collected Plaintiff's mortgage payments or enforce the terms of the Note or Deed of Trust in any manner whatsoever."

The Declaratory Judgment Act ("DJA") permits a federal court to "declare the rights and other legal relations" of parties to "a case of actual controversy." 28 U.S.C. § 2201. Thus, a litigant seeking relief under the DJA must show there is a real and substantial controversy remediable by specific relief. *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937); *see also Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941) ("[T]he question . . . is whether the facts alleged . . . show that there is a substantial controversy, between parties having adverse legal rights, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.").

---

[3] Plaintiff also argues that MERS lacked power to assign the DOT because it did not own the underlying Promissory Note, as it was merely named in the DOT as a "nominee" beneficiary. This argument is without merit and has been repeatedly rejected by California courts. *See Sanchez v. U.S. Bank, N.A.*, No. C 09-04506 SI, 2010 WL 670632, at *5 (N.D. Cal. Feb. 22, 2010) (rejecting "contention that MERS' role as a 'nominee' did not give MERS the power of assignment"); *Wurtzberger v. Resmae Mortg. Corp.*, No. 2:09–cv–01718–GEB–DAD, 2010 WL 1779972, at *3-4 (E.D. Cal. Apr. 29, 2010) (explaining that since the Deed of Trust named MERS as the beneficiary it had the right to foreclose and the authority to assign its beneficial interest under the deed of trust).

*Link to doc. # 19*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9871-GHK (AGRx) | Date | April 6, 2012 |
|---|---|---|---|
| Title | *Edmond Adaimy v. Bank of New York Mellon f/k/a Bank of New York as Trustee of the CHL Mortgage Pass-Through Trust 2008-1, et al.* | | |

Here, Plaintiff has failed to allege facts to show that there is a substantial controversy between the Parties that warrants the issuance of declaratory judgment. Although Plaintiff alleges that BONY "claims it, and not [BANA], has a securable enforceable interest in Plaintiff's Note, Deed of Trust, and Property," Plaintiff has alleged absolutely no facts in support of this assertion. Moreover, as noted above, Plaintiff does not allege that BONY ever attempted to directly collect loan payments from Plaintiff or that BONY has come forward to contest the February 2, 2011 Trustee's sale at which BANA "bought the Property back," (FAC ¶ 23), making his conclusory allegation that BONY has asserted a rival claim to the Property yet more implausible.

Additionally, for the reasons stated above, Plaintiff's allegations that BANA lacked an interest in his DOT lack "facial plausibility," *Iqbal*, 129 S. Ct. at 1949, and thus do not show the existence of a substantial controversy that warrants the issuance of declaratory judgment. In light of the foregoing, Plaintiff's declaratory relief claim is **hereby DISMISSED**. Because Plaintiff's Opposition does not identify any facts that could be alleged to show the existence of a cognizable justiciable controversy if leave to amend were granted, this claim is dismissed **with prejudice**.

### C.      *Claim 2:  Negligence*

In his Opposition, Plaintiff states that he "voluntarily dismisses his negligence claim without prejudice." (Opp'n 11).

### D.      *Claim 3:  Quasi Contract*

Plaintiff asserts his quasi contract claim against BANA, BONY, and BAC Servicing. Plaintiff alleges that "BONY, Bank of America, and/or BAC Servicing have been unjustly enriched by collecting monthly payments from Plaintiff when they have no interest in his Note or Deed of Trust." (FAC ¶ 88). Thus, Plaintiff "seeks restitution for any payments they [sic] made to BONY, Bank of America, and/or BAC Servicing that were not paid to the lender or beneficiary, if any." (*Id.* ¶ 89). As discussed above, Plaintiff does not allege that BANA or BONY collected loan payments from Plaintiff directly. (*Id.* ¶ 29). Instead, Plaintiff alleges that "BAC Servicing collects loan payments from . . . Plaintiff," (FAC ¶ 30), "as Plaintiff's mortgage servicer." (*Id.* ¶ 29). Plaintiff alleges no facts to show that when BAC Servicing collected loan payments, it transferred those payments to BONY instead of BANA. Moreover, Plaintiff has failed to plausibly allege that BANA lacks an interest in his loan. Because Plaintiff's quasi contract claim relies on the facially implausible assertions discussed above, this claim must be dismissed. Because Plaintiff has not identified additional facts that could support a quasi contract claim if leave to amend were granted, his quasi contract claim is **hereby DISMISSED with prejudice**.

### E.      *Claim 4: Violation of the FDCPA*

Plaintiff asserts his FDCPA claim solely against BONY. Plaintiff alleges that BONY violated 15

*Link to doc. # 19*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9871-GHK (AGRx) | Date | April 6, 2012 |
|---|---|---|---|

| Title | *Edmond Adaimy v. Bank of New York Mellon f/k/a Bank of New York as Trustee of the CHL Mortgage Pass-Through Trust 2008-1, et al.* |
|---|---|

U.S.C. §§ 1692e(2)(A) and 1692e(5) by "attempt[ing] to collect on the [loan] under false pretenses, namely that it [sic] as Trustee of the CHL Trust, it owned Plaintiff's Mortgage when in fact Plaintiff's Mortgage was never properly and effectively securitized into the CHL Trust." (FAC ¶ 93). Section 1692e(2)(A) states that it is a violation for a debt collector to falsely represent "the character, amount, or legal status of any debt." Section 1692e(5) states that it is a violation for a debt collector to threaten "to take any action that cannot legally be taken or that is not intended to be taken." BONY argues that this claim should be dismissed because Plaintiff has not alleged facts indicating that it is a "debt collector" subject to the FDCPA.[4]  *See Izenberg v. ETS Servs.*, 589 F. Supp. 2d 1193, 1198-99 (C.D. Cal. 2008) ("To state a claim for violation of the FDCPA, a plaintiff must allege that the defendant is a 'debt collector' collecting a 'debt.'" (internal quotation marks omitted)).

The FDCPA defines a "debt collector" as "any person who uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." § 1692a(6). However, the FDCPA also states that "the term ['debt collector'] does not include . . . any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . is incidental to a bona fide fiduciary obligation." § 1692a(6)(F).

Here, Plaintiff alleges that "BONY, acting as the trustee of the CHL Trust, is in the business where the principal purpose is to collect debts on behalf of the investors in the CHL Trust. BONY attempted to collect Plaintiff's debt obligation on behalf of the CHL Trust investors and thus is a debt collector pursuant to the [FDCPA]." (FAC ¶ 91). Although Plaintiff alleges that BONY is in a business "where the principal purpose is to collect debts," the fact that he also alleges that BONY collects these debts in its position "as the trustee of the CHL Trust" demonstrates that BONY only collects debts pursuant to a "bona fide fiduciary obligation." Thus, Plaintiff's allegations themselves demonstrate that BONY is not a "debt collector" under the FDCPA. Accordingly, Plaintiff cannot state a FDCPA claim against BONY. Plaintiffs' FDCPA claim is **hereby DISMISSED with prejudice**.

**F.     *Claim 5: Violation of TILA***

---

[4] As noted above, Plaintiff does not allege that BONY attempted to collect loan payments from Plaintiff directly. (*See* FAC ¶ 29 ("The mortgage payments for Plaintiff's Loan are not collected by the loan owners themselves. Rather, the tasks of payment processing, . . . [is] known as 'servicing.' In this case, BAC Servicing is acting as Plaintiff's mortgage servicer.")). Instead, Plaintiff alleges that "[w]hen the BAC Servicing [sic] collects loan payments from the Plaintiff, it Servicers [sic] transfer [sic] those payments to BONY." (FAC ¶ 30). Plaintiff has alleged no facts to show that BAC Servicing actually transferred loan payments to BONY, and thus this claim may be dismissed on this basis alone. Nonetheless, even assuming BAC Servicing transferred loan payments to BONY, and thus BONY indirectly collected loan payments from Plaintiff, Plaintiff's allegations are still insufficient to show that BONY is a "debt collector" subject to the FDCPA.

*Link to doc. # 19*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9871-GHK (AGRx) | Date | April 6, 2012 |
|---|---|---|---|
| Title | *Edmond Adaimy v. Bank of New York Mellon f/k/a Bank of New York as Trustee of the CHL Mortgage Pass-Through Trust 2008-1, et al.* | | |

Plaintiff asserts his TILA claim solely against BANA. Plaintiff alleges that – to the extent BANA acquired an interest his loan – it failed to provide notice after it was assigned the DOT in violation of TILA, 15 U.S.C. § 1641(g), which provides:

> [N]ot later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including –
>
> (A) the identity, address, telephone number of the new creditor;
>
> (B) the date of transfer;
>
> (C) how to reach an agent or party having authority to act on behalf of the new creditor;
>
> (D) the location of the place where transfer of ownership of the debt is recorded; and
>
> (E) any other relevant information regarding the new creditor.

BANA argues that this claim fails because Plaintiff (1) fails to allege detrimental reliance and actual damages, and (2) Plaintiff received notice of the assignment within 30 days of its execution through the Notice of Default, which "contains the identity, address, telephone number of the new creditor, information on how to reach an agent or party having authority to act on behalf of the new creditor, and the location of the place where transfer of ownership is recorded." (Mot. 17).

In opposition, Plaintiff correctly argues that a TILA plaintiff is entitled to statutory damages even if no actual damage was suffered. *In re Ferrell*, 539 F.3d 1186, 1190 (9th Cir. 2008) ("The Truth in Lending Act provides a cause of action for consumers to obtain actual or statutory damages for a creditor's failure to comply with certain requirements of the Act."). Accordingly, Plaintiff's failure to allege actual damages is not fatal to his TILA claim. *Brown v. U.S. Bancorp*, No. CV-6125 CAS (PJWx), 2012 WL 665900, at *6 (C.D. Cal. Feb. 27, 2012) ("Because plaintiffs allege that BANA 'violated 15 U.S.C. § 1641 and is subject to statutory damages . . . ,' their failure to allege actual damages is not fatal to their claim.").

Additionally, we reject Defendant's contention that the Notice of Default established sufficient notice under TILA. Even assuming Plaintiff received the Notice of Default within thirty days, that document fails to include all of the information required under TILA, such as the date when the transfer to BANA occurred. *See* § 1641(g)(1)(B); *see also Brown*, 2012 WL 665900, at *6 ("[W]hile the notice of default includes BANA's contact information, it fails to include information required under § 1641(g)(1) such as the date when the transfer to BANA occurred or the location where the transfer of ownership of the debt is recorded[,]" and thus did not "provide[] sufficient notice under TILA.").

*Link to doc. # 19*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9871-GHK (AGRx) | Date | April 6, 2012 |
|---|---|---|---|
| Title | *Edmond Adaimy v. Bank of New York Mellon f/k/a Bank of New York as Trustee of the CHL Mortgage Pass-Through Trust 2008-1, et al.* | | |

Accordingly, Plaintiff has adequately stated a claim under TILA. Defendant's Motion is **DENIED** as to Plaintiff's TILA claim.

G.      **Claim 6: Violation of RESPA**

Plaintiff asserts his RESPA claim solely against BAC Servicing. Plaintiff contends that BAC Servicing violated RESPA, 12 U.S.C. § 2605, by failing to fully respond to Plaintiff's purported Qualified Written Request ("QWR"). (FAC ¶¶ 121-24). BAC Servicing argues that this claim must be dismissed because Plaintiff has failed to allege actual damages.

"[A]lleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiffs must, at a minimum, also allege that the breach resulted in actual damages." *Swanson v. EMC Mortg. Corp.*, No. CV F-09-1507 LJO DLB, 2009 WL 3627925, at *7 (E.D. Cal. Oct. 29, 2009). Plaintiff contends that he has adequately pled damages in support of his RESPA claim in the form of "over calculation and overpayment of interest on his Loan, the costs associated with removing the cloud on his property title, and attorneys' fees and costs." (Opp'n 14). However, BAC Servicing correctly argues that Plaintiff has not pled sufficient facts to show that he suffered these damages *as a result of* BAC Servicing's alleged failure to fully respond to his QWR. *See Singh v. Wash. Mut. Bank*, No. 09-2771, 2009 U.S. Dist. LEXIS 73315, *16 (N.D. Cal. Aug. 19, 2009) (dismissing RESPA claim because, "[i]n particular, plaintiffs have failed to allege any facts in support of their conclusory allegation that as a result of defendants' failure to respond, defendants are liable for actual damages, costs, and attorney fees" (quotation marks and citation omitted)). Accordingly, Plaintiff's RESPA claim is **hereby DISMISSED**. Because Plaintiff's Opposition does not identify additional facts that could be alleged to support a RESPA claim if leave to amend were granted, this claim is dismissed **with prejudice**.

H.      **Claim 7: Violation of California Business & Professions Code § 17200, et seq.**

Plaintiff asserts his seventh claim against BANA, BONY, and BAC Servicing.

California Business and Professions Code § 17200 prohibits "any unlawful, unfair, or fraudulent business act or practice." "The UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law. Violation of almost any federal, state, or local law may serve as the basis for a UCL claim. In addition, a business practice may be unfair or fraudulent in violation of the UCL even if the practice does not violate any law." *Bertolina v. Wachovia Mortg.*, No. C. 10-05250 CW, 2011 U.S. Dist. LEXIS 87937, at *13 (N.D. Cal. Aug. 9, 2011) (internal quotation marks and citations omitted). Here, because Plaintiff has adequately stated a claim against BANA under TILA, his UCL claim survives under the "unlawful" prong.

However, Plaintiff has not adequately pled an independent UCL claim for unfair or fraudulent business practices. Plaintiff's allegation that Defendants engaged in unfair or fraudulent business practices is based on his assertions that BANA and BONY "acted as a beneficiary without the legal authority to do so" and that "[BANA], BONY and/or BAC Servicing demanded and accepted payments

*Link to doc. # 19*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9871-GHK (AGRx) | Date | April 6, 2012 |
|---|---|---|---|
| Title | *Edmond Adaimy v. Bank of New York Mellon f/k/a Bank of New York as Trustee of the CHL Mortgage Pass-Through Trust 2008-1, et al.* | | |

for debts that were non-existent." (FAC ¶¶ 140-41). As discussed herein, Plaintiff has failed to plead any facts to show that BONY purportedly acted as a beneficiary under the DOT or demanded and accepted mortgage payments from him. Additionally, he has not adequately pled facts in support of his theory that BANA and BAC Servicing accepted payments from Plaintiff without the legal authority to do so. Thus, Plaintiff has failed to set forth any facially plausible allegations that can serve as a basis for an independent UCL claim.

In light of the foregoing, we **DENY** Defendants' Motion as to Plaintiff's UCL Claim as against BANA insofar as it is based on Plaintiff's TILA claim. We **GRANT** Defendants' Motion as to Plaintiff's UCL Claim insofar as it is based on allegations that Defendants engaged in unfair or fraudulent business practices. Because Plaintiff's Opposition does not point to any specific facts that could be alleged to show Defendants engaged in unfair or fraudulently business practices if leave to amend were granted, Plaintiff's seventh claim is **hereby DISMISSED without leave to amend** insofar as it is based on § 17200's "unfair" and "fraudulent" prongs.

### I.   *Claim 8: Accounting*

Plaintiff asserts his accounting claim against BANA, BONY, and BAC Servicing. Plaintiff alleges that he is entitled to an accounting because he "paid [BANA] and/or BONY his mortgage payments for a period of approximately four years. However, . . . none of this money was actually owed to [BANA], BONY, and/or BAC Servicing." (FAC ¶ 161). As noted above, Plaintiff alleges no facts to show that when BAC Servicing collected loan payments, it transferred those payments to BONY instead of BANA. Moreover, Plaintiff has failed to plausibly allege that BANA lacks an interest in his loan and thus received money that it was not actually owed. Accordingly, Plaintiff's accounting claim is **hereby DISMISSED**. Because Plaintiff has not identified additional facts that could support an accounting claim if leave to amend were granted, this claim is dismissed **with prejudice**.

### J.   *Claim 9: Wrongful Foreclosure and To Set Aside Trustee's Sale*

Plaintiff asserts his wrongful foreclosure claim against BANA and BONY. Plaintiff premises this claim on the allegation that "neither Defendant BONY nor Defendant [BANA] gained the beneficial interest in Plaintiff's Note and Deed of Trust and therefore lacked the power to exercise the power of sale under the Deed." (FAC ¶ 164). As noted above, none of the documents related to the foreclosure on the Property was executed by or on behalf of BONY. Accordingly, the basis for Plaintiff's allegation that BONY exercised the power of sale under the DOT and foreclosed on the Property is entirely unsupported.

Plaintiff's wrongful foreclosure claim against BANA is based on his allegation that the Assignment from MERS to BANA was invalid. (FAC ¶¶ 164-66). For the reasons discussed above, this allegation is entirely speculative and cannot serve as the basis of a claim for relief. Accordingly, Plaintiff's wrongful foreclosure claim is **hereby DISMISSED**. Because Plaintiff's Opposition does not

*Link to doc. # 19*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9871-GHK (AGRx) | Date | April 6, 2012 |
|---|---|---|---|
| Title | *Edmond Adaimy v. Bank of New York Mellon f/k/a Bank of New York as Trustee of the CHL Mortgage Pass-Through Trust 2008-1, et al.* | | |

identify any facts that could be alleged to support a wrongful foreclosure claim if leave to amend were granted, this claim is dismissed **with prejudice**.

### K.       Claim 10: To Void or Cancel Trustee's Deed Upon Sale

Plaintiff asserts his claim to void the trustee's deed upon sale ("Trustee's Deed") against BANA and BONY. Under California Civil Code § 3412, a written instrument may be canceled if "there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable." Plaintiff alleges that the Trustee's Deed is void because "BONY and/or [BANA], as the purported foreclosing beneficiary, did not have the right to exercise the power of sale" in the DOT. (FAC ¶ 181). As noted above, none of the documents related to the foreclosure on Plaintiff's Property was executed by or on behalf of BONY. Accordingly, Plaintiff's allegation that BONY was a "purported foreclosing beneficiary" is entirely unsupported. Moreover, Plaintiff's claim that BANA did not have the right to exercise the power of sale in the DOT is based on his allegation that the Assignment was invalid. As discussed at length above, those allegations are insufficient to state a claim and cannot serve as a basis for Plaintiff's claim to void or cancel the trustee's deed upon sale. Accordingly, this claim is **hereby DISMISSED**. Because Plaintiff's Opposition does not identify any facts that could be alleged to support such a claim if leave to amend were granted, this claim is dismissed **with prejudice**.

### L.       Claim 11: Breach of Contract

Plaintiff asserts his breach of contract claim against BANA, BONY, and BAC Servicing. Plaintiff states: "In the alternative, if the Court finds that BONY and/or [BANA] is successor in interest to the Deed of Trust . . . , [they] breached the Deed of Trust by improperly crediting and debiting his account." (FAC ¶ 186). Specifically, Plaintiff claims that Defendants breached Section 2 of the DOT, which provides: "Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due." (FAC ¶ 191 & Exh. A).

Defendants argue that this claim must be dismissed because "Plaintiff does not plead any facts that would indicate what payments Plaintiff did indeed make were mis-applied to his account." (Mot. 25). We agree. Plaintiff makes the generic allegation that Defendants breached the DOT by "failing to apply the payments . . . in the order of priority set forth in Section 2," (FAC ¶ 193), but he does not allege any specific payments that were allegedly misapplied or any facts supporting his conclusory allegation. Because Plaintiff's breach of contract claim contains no specific factual allegations whatsoever, we conclude that it fails to "state a claim to relief that is plausible on its face." *Bell Atl.*, 550 U.S. at 570. The pleading standard of Federal Rule of Civil Procedure 8(a) is not satisfied by "naked assertion[s] devoid of further factual enhancement" or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (internal quotation marks omitted). Moreover, Rule 8

*Link to doc. # 19*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9871-GHK (AGRx) | Date | April 6, 2012 |
|---|---|---|---|
| Title | *Edmond Adaimy v. Bank of New York Mellon f/k/a Bank of New York as Trustee of the CHL Mortgage Pass-Through Trust 2008-1, et al.* | | |

"does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* Based on the foregoing, we hereby **GRANT** Defendants' Motion as to Plaintiff's breach of contract claim. Because Plaintiff's Opposition does not point to any specific facts that could be alleged to support such a claim if leave to amend were granted, this claim is **hereby DISMISSED with prejudice**.

> ### M.   Claim 12: Breach of Implied Covenant of Good Faith and Fair Dealing

Plaintiff asserts his twelfth claim for breach of implied covenant of good faith and fair dealing against BANA, BONY, and BAC Servicing. This claim merely repeats the generic allegation raised in support of Plaintiff's breach of contract claim: that "Defendants improperly applied mortgage payments." (FAC ¶ 205). As noted above, this conclusory allegation fails to state a claim for relief that is plausible on its face. Accordingly, we hereby **GRANT** Defendants' Motion as to Plaintiff's twelfth claim. This claim is **hereby DISMISSED without leave to amend**.

## IV.   Conclusion

Defendants' Motion is **GRANTED** in part and **DENIED** in part. Defendants' Motion is **GRANTED** as to claims 1-4, 6, and 8-12. Claims 1, 3, 4, 6, and 8-12 are **hereby DISMISSED with prejudice**. Claim 2 is **hereby DISMISSED without prejudice**. Defendant's Motion is **DENIED** as to claim 5. Defendant's Motion is **GRANTED** in part and **DENIED** in part as to claim 7. Claim 7 is **hereby DISMISSED** insofar as it is based on the "unfair" and "fraudulent" prongs of California Business and Professions Code § 17200.

In light of the foregoing, no claims remain against BONY or BAC Servicing. This action is **hereby DISMISSED with prejudice** as to BONY and BAC Servicing. BANA shall answer claim 5 and the remaining part of claim 7 **within fourteen (14) days hereof**.

**IT IS SO ORDERED.**

                             _____ : _____

Initials of Deputy Clerk         IR for  Bea